In the Matter of the Application of LEONARD M. WALLSTEIN, Commissioner of Accounts of the City of New York, Respondent, for a Warrant for the Arrest and Commitment to Jail of FRANCIS H. RUHE, Appellant.

First Department, May 18, 1917.

Evidence — investigation of municipal department under section 119 of the charter of the city of New York — abrogation of municipal contract — question as to financial condition of incorporated contractor — refusal of witness to answer — contempt — refusal to obey subpœna duces tecum — practice.

Where in an examination into the administration of the office of the commissioner of the department of water supply, gas and electricity in the city of New York, pursuant to section 119 of the charter, it is a question whether the commissioner was guilty of acts "contrary to the interests of the City of New York" in declaring a municipal contract abandoned and terminated, an officer of the corporation with which the contract was made when called as a witness is not entitled to refuse to answer questions bearing upon the financial condition of his company and its ability to perform the contract upon the theory that the evidence calls for the disclosure of business secrets.

Such testimony is not irrelevant upon the ground that the only question involved is the good faith of the commissioner, for, while the commissioner is personally interested in the outcome of the investigation, the interests of the taxpayers of the city are equally involved.

Neither is such witness excused for failing to obey a subpœna to produce the corporation's books and papers on such investigation.

Although such witness was properly adjudged to be guilty of contempt, and a decision to that effect has been granted by the court, it is irregular to commit the witness for contempt without entering the order, when on subsequently appearing in the investigation he persisted in a refusal to testify. Hence a commitment issued under such circumstances without notice will be vacated and the matter remitted to the Special Term for the entry of the proper order.

APPEAL by Francis H. Ruhe from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 27th day of February, 1917, denying his motion to vacate the writ of commitment herein.

*Irving Gordon,* for the appellant.

*Terence Farley,* for the respondent.

SHEARN, J.:

The commissioner of accounts of the city of New York was duly directed by the mayor to conduct, pursuant to the provisions of section 119 of the Greater New York charter, an examination of the administration of the office of the commissioner of the department of water supply, gas and electricity. (See Laws of 1901, chap. 466, § 119, as amd. by Laws of 1916, chap. 517.) Thereafter and pending the investigation, the Public Lighting Service Corporation filed with the commissioner of accounts written charges against the commissioner of the department of water supply, gas and electricity, complaining of specific acts of misconduct in his office in connection with the awarding of a contract to the complainant for gas street lighting and thereafter, declaring the contract abandoned and terminated. The commissioner of the department of water supply, gas and electricity filed with the commissioner of accounts an answer to the charges, and thereupon the commissioner of accounts proceeded, as directed by the mayor, to conduct the investigation and proceeded in the first instance to examine into the matters involved in the charges filed. For the purpose of ascertaining the facts, Francis H. Ruhe, the appellant, president of the Public Lighting Service Corporation, was sworn as a witness and testified at great length to the facts with reference to the various bids by his company and a competitor, the rejection of his company's bids after unsuccessful efforts on the part of the commissioner of the department of water supply, gas and electricity to obtain detailed information concerning the company's financial standing and ability to perform the contract, the subsequent award of a contract, its termination and the award of a contract to a competitor. Upon cross-examination at the hands of counsel for the commissioner of water supply, gas and electricity, the witness refused to answer questions bearing upon the financial condition of his company and its ability to perform the contract, and refused to produce papers and books of the company bearing upon said matters, in pursuance of a subpœna duly served. The objection was first made that the evidence called for the disclosure of business secrets, the disclosure of which would be prejudicial to the company and of benefit to its competitor, and further that the

matter was not proper cross-examination. Thereupon counsel for the commissioner of water supply, gas and electricity made the witness his own, but the refusal was persisted in, and it was claimed that the evidence sought to be brought out was immaterial and not pertinent to the investigation, the claim being that the only matter involved was the good faith of the commissioner, which could not be affected by facts concerning which he had no knowledge when the charges were filed. The good faith of the commissioner was involved, but equally important to the taxpayers in whose interest the investigation was being conducted, was the truth or falsity of the charge that the official acts of the commissioner in connection with these bids and contracts was, as charged, "contrary to the interests of the City of New York." If, when the contract was awarded to the Public Lighting Service Corporation or during the period of its performance, that company was financially irresponsible, or if it neither owned nor had under contract plant and facilities to enable it to perform the contract, the award was contrary to the interests of the city. On the other hand, if the converse were true, and the company was responsible and had the necessary plant and facilities, it was contrary to the interests of the city to terminate the contract. In either case, entirely apart from the obvious right of a public official thus assailed to have the truth ascertained, all questions relating to the financial condition of the plant and facilities of the complainant were pertinent to the investigation, and all of the questions objected to should be answered, with the exception of those calculated to disclose the names of the stockholders and the amounts paid by the respective stockholders upon their stock subscriptions. There was, of course, no excuse whatever for failing to obey the subpoena to produce the corporation's books and papers. Any embarrassment incidental to a disclosure of the company's financial condition and its ability to carry out the contract was voluntarily incurred when it bid on a public contract.

A question of procedure arises upon this appeal. Upon the refusal of the witness to answer the questions a motion was made at Special Term to adjudge the witness in contempt. This motion was granted and a memorandum of decision signed

as follows: '' The application to commit the witness for failure to answer questions propounded to him by the Commissioner of Accounts will be granted unless said witness appears on a day to be fixed by the order and submit to the examination. Settle order on notice.''

Instead of causing an order to be entered, adjudging the witness in contempt, the corporation counsel notified the witness to attend before the commissioner and answer the questions. The witness attended but, desiring to preserve his rights to appeal from the decision made, persisted in his refusal whereupon a commitment was issued without notice, and without the entry of any order as its basis. This procedure was irregular, and the witness duly moved to vacate the commitment, so that an order might be entered from which an appeal would lie. This motion was denied, and it is from the order denying this motion that this appeal was taken. The order appealed from must, therefore, be reversed, but as counsel for both sides have acquiesced in having determined the relevancy of the questions refused to be answered, the court has passed upon them in order to save time and unnecessary expense, although the question does not properly arise upon an appeal from an order denying the motion to vacate the commitment. The proceedings will, therefore, be remitted to the Special Term for the entry of the proper order.

CLARKE, P. J., LAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Order reversed and proceedings remitted to Special Term. Order to be settled on notice.